2 N.Y.2d 149 (1956)
In the Matter of Bernard Colodney et al., Appellants,
v.
New York Coffee and Sugar Exchange, Inc., Respondent.
Court of Appeals of the State of New York.
Argued October 8, 1956.
Decided November 30, 1956.
Harold L. Smith, Powell Pierpoint and Jerome G. Shapiro for appellants.
Whitman Knapp, W. Mason Smith, Jr., and David D. Brown, III, for respondent.
CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and BURKE, JJ., concur in Per Curiam opinion; VAN VOORHIS, J., dissents in an opinion.
*151 Per Curiam.
This proceeding under article 78 of the Civil Practice Act was properly dismissed on the ground that it had not been commenced within four months after the determination sought to be reviewed had become final and binding (Civ. Prac. Act, § 1286). That determination was made by respondent's board of managers after a hearing at which petitioners were presented with the charges and at which they testified, and was an act of a body exercising quasi-judicial functions and involving an exercise of judgment or discretion (Civ. Prac. Act, § 1284, subd. 2). Since the proceeding was thus barred as untimely, we reach none of the questions argued by petitioners as to the alleged invalidity of the procedures taken by respondent against petitioners.
The order should be affirmed, with costs.
VAN VOORHIS, J. (dissenting).
Appellants are commodity brokers who are members of the New York Coffee and Sugar Exchange, Inc. They requested an arbitration under the by-laws *152 of the exchange of a controversy in which their firm became involved, concerning the purchase of sugar from another member of the exchange. Without charges being served upon appellants, and at the instance of the other party to the transaction, appellants were found guilty of conduct unbecoming a member by the business conduct committee of the exchange, which, after finding appellants guilty, referred the matter to the board of managers for review and to impose suitable disciplinary action. The board of managers censured appellants, and fined each of them $1,500.
This article 78 proceeding was commenced more than four months after the board of managers had acted, consequently it would be barred by section 1286 of the Civil Practice Act if the proceedings had been taken within the jurisdiction of the board of managers. That depended upon whether the decision by the business conduct committee entered into the finding of guilt by the board of managers. Section 46 of the by-laws of the exchange requires that any member accused of misconduct by another member, "shall be given an opportunity to be heard in his defense" before the committee, "after due notice of the complaint and transcript of the details of the same shall have been served upon him." (Italics supplied.) These charges were not served upon appellants prior to the report of the business conduct committee. Such a notice was necessary in order to accord to appellants an opportunity to prepare and be heard in their defense before the committee, as required by the by-laws and by due process of law. It is not sufficient that appellants may have had opportunity later to be heard before the board of managers. The by-laws required the business conduct committee, if it sustained the complaint, to send its report to the board of managers "with their recommendations or suggestions." That was done in this instance. Manifestly the report of the committee is not analogous, as has been argued, to presentment by a grand jury. It entered into the final determination of guilt. A grand jury is not called upon to make "recommendations or suggestions" to be acted upon in trying the indictment. The committee's report, in evidence in this record, was more than a mere presentment of the charges; it constituted a finding by a duly constituted committee of the exchange, without opportunity to appellants to present their defense, that they were *153 guilty of the misconduct that had been secretly charged against them. Unlike an indictment, this committee report created a presumption of guilt and furnished a basis for the disciplinary action by the board of managers. Inasmuch as the trial before the committee was not conducted as required by the by-laws and by due process of law, the disciplinary action against appellants was taken without jurisdiction, and is null and void. The function of the pending article 78 proceeding is not to review any discretion exercised by the board of managers, but to expunge its determination as a nullity. Consequently the four months' period of limitation prescribed by section 1286 of the Civil Practice Act is inapplicable. The proceeding is in the nature of mandamus to compel respondent to perform a duty expressly enjoined by law (Matter of Foy v. Schechter, 1 N Y 2d 604, 615.)
The order appealed from should be reversed, and respondent's motion to dismiss the petition under section 1286 of the Civil Practice Act should be denied.
Order affirmed.